UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DURAN,<br><br>        Plaintiff,<br><br>        v.<br><br>CITY OF PORTERVILLE, JOHN LOLLIS, PORTERVILLE POLICE DEPARTMENT, CHUCK MCMILLAN, AND RICHARD STANDRIDGE,<br><br>        Defendants. | 1:12-CV-01239-LJO-BAM<br><br>**ORDER GRANTING CITY OF PORTERVILLE'S MOTION TO DISMISS (Doc. 12).** |

## I. INTRODUCTION

Pro se Plaintiff John Duran filed a Complaint against the City of Porterville, California ("City"); the City's Manager, John Lollis; the Porterville Police Department ("PPD"); its Chief of Police, Chuck McMillan; and PPD Officer Richard Standridge. Doc. 1. The Complaint appears to allege that in late May 2012, Plaintiff obtained prior permission from the City Parks and Leisure department to conduct an event in Porterville's Veteran's Park that would include the display of electoral candidate signs. Doc. 1, ¶ 8. Or about June 2, 2012, Officer Standridge required Plaintiff to remove the signs pursuant to City Ordinance. Plaintiff alleges that Standridge's conduct violated Plaintiff's First Amendment rights, that other Defendants ordered or conspired with Standridge to do so, and that Defendants used intimidation

to deprive Plaintiff of his rights. *Id*.

The City moves to dismiss the entire Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, arguing that Plaintiff fails to allege sufficiently a First Amendment violation. Doc. 12. In the alternative, the City requests that all three causes of action should be merged into one. *Id*. Plaintiff served three responsive documents upon the City: "Objections Due to Conflict of Interest and Request to Order All Interested Parties to Produce Documentation," a "Response and Objection to Defendant's Motion to Dismiss," and an Affidavit."[1] Docs. 14-16. The City replied. Doc. 13. The motion was originally set for hearing on January 21, 2013. However, having reviewed these filings, and in light of the entire record, the Court does not believe oral argument is necessary to aid resolution of this request, and hereby rules on the papers pursuant to Local Rule 230(g). Accordingly, the January 21, 2013 hearing is VACATED.

## II. STANDARD OF DECISION

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[1] Although Plaintiff served these documents on the City, Plaintiff failed to file these documents with the Court. The Court obtained copies from Defendant and placed them on the Docket. Plaintiff is warned, however, that in the future, any document he wishes the Court to consider must be filed directly with the Clerk of Court pursuant to the Local Rules of the Eastern District of California, available at: http://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/

2

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions ... amount[ing] to nothing more than a 'formulaic recitation of the elements'... are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. A court should "dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### III. DISCUSSION

**A.     Pleading Burden of Pro Se Litigants.**

Plaintiff suggests that a pro se litigant's complaint cannot be dismissed for failure to state a claim, citing *Haines v. Kerner*, 404 U.S. 519 (1972). Doc. 15 at 2.This is decidedly not the law. It is true that a pro se litigant's pleadings must be read more liberally than pleadings drafted by counsel. *Id.* at

3

520–21; *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Likewise, when a pro se plaintiff technically violates a rule, the court should act with leniency toward that litigant. *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). However, "a pro se litigant is not excused from knowing the most basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000). Moreover, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Plaintiff must abide by the applicable basic pleading standards described above.

**B.     Conflict of Interest Objection.**

Plaintiff, who claims to be a City taxpayer, objects that it presents a conflict of interest for Defense counsel, a partner in the law firm of Nelsen & Rozier, to represent the City in this lawsuit, because counsel is being compensated using taxpayer funds. Doc. 14 at 2. Plaintiff offers no authority to support the proposition that a conflict of interest exists *per se* whenever a municipality uses taxpayer funds to defend itself against litigation brought by a taxpayer. Nor could the Court locate any support for this proposition, which, if true, would render impermissible a routine practice in lawsuits brought against government entities. This objection is OVERRULED.

**C.     Hearsay Objection to Arguments of and Exhibits Offered by Defense Counsel.**

Plaintiff next objects that the arguments presented in Defendant's motion are hearsay and therefore should not be considered. Doc. 5 at 3. In particular, Plaintiff expresses concern about statements made by Defense counsel in the City's opposition concerning service of process, namely that certain Defendants have yet to be served. It is true that the arguments of counsel in a brief do not normally constitute admissible evidence. Any factual assertions made in a brief must be supported by otherwise admissible evidence. As such, Defense counsel's assertions regarding service of process will

not be considered. Critically, however, these assertions are not directly material to the pending motion.

Plaintiff next objects that exhibits offered by Defense counsel are hearsay. Doc. 15 at 2. Presumably, plaintiff is referring to the two City Ordinances attached to the Declaration of Ryan T. Nelson, Doc. 12 at 9-10 of 13, of which the City requests the Court take judicial notice, *id*. at 5. Municipal Ordinances are properly subject to judicial notice, *Tollis, Inc. v. County of San Diego*, 505 F.3d 935, 938 n.1 (9th Cir. 2007), and therefore may be considered.

### D. Sufficiency of Plaintiff's Allegations.

Plaintiff does not address directly the sufficiency of his allegations in light of the *Iqbal/Twombly* standard, which requires that a complaint "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. All three of the causes of action set forth in the Complaint appear to rely upon an alleged First Amendment violation. It is not at all clear, however, on what legal theory a First Amendment claim could proceed in this case.

City Ordinance 305.10 generally prohibits the display of campaign and/or political signs except as set forth therein. Political signs are permitted on private property and within the public right of way, but not within the public right of way adjacent to public property, including park lands. Nor is permission otherwise given to display political signs on public property or park lands. Any "illegal sign posted in the public right of way or upon public property" may be removed by an officer without notice or hearing. Ordinance 305.15(B). Plaintiff does not appear to be arguing that the City's Ordinances themselves are unconstitutional.

> An ordinance may be facially unconstitutional in one of two ways: "either [ ] it is unconstitutional in every conceivable application, or [ ] it seeks to prohibit such a broad range of protected conduct that it is unconstitutionally overbroad." *See Members of City Council v. Taxpayers for Vincent,* 466 U.S. 789, 796 (1984). In the first type of facial challenge, the plaintiff argues that the ordinance could never be applied in a valid manner because it is unconstitutionally vague or it impermissibly restricts a protected activity. *See N.A.A.C.P. v. City of Richmond,* 743 F.2d 1346, 1352 (9th Cir. 1984). In such a case,

>the litigant has standing to vindicate his own constitutional rights. *See Vincent,* 466 U.S. at 796. The second type of facial challenge is an exception to our general standing requirements: the plaintiff argues that the statute is written so broadly that it may inhibit the constitutionally protected speech of third parties, even if his own speech may be prohibited. *See id.* at 797. A successful challenge to the facial constitutionality of a law invalidates the law itself.

*Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998). The Complaint does not directly raise such a facial challenge, nor does it include facts from which such a challenge could be inferred.

In the absence of a facial challenge, a plaintiff may make an "as applied" challenge to the manner by which a particular law is applied to conduct.

>An as-applied challenge contends that the law is unconstitutional as applied to the litigant's particular speech activity, even though the law may be capable of valid application to others. *See* [*Vincent,* 466 U.S. at] 803 & n. 22. An as-applied challenge does not implicate the enforcement of the law against third parties. Rather, <u>a litigant may separately argue that discriminatory enforcement of a speech restriction amounts to viewpoint discrimination in violation of the First Amendment.</u> *See I.N.S. v. Federal Labor Relations Auth.,* 855 F.2d 1454, 1467 (9th Cir. 1988). As-applied challenges are the most common type of challenges to restrictions on speech activity and may be coupled with facial challenges. *See, e.g., City of Richmond,* 743 F.2d at 1352. A successful as-applied challenge does not render the law itself invalid but only the particular application of the law.

*Foti*, 146 F.3d at 635 (emphasis added)

Although Plaintiff alleges he specifically obtained permission from the City's Parks and Leisure Department to display his political signs in the park, the granting of such permission appears to be contrary to law, and the Complaint contains no allegations suggesting otherwise. In contrast, even assuming the truth of Plaintiff's allegations, Defendant Standridge acted in accordance with the City Ordinances. Plaintiff does not allege that Standridge was discriminating against him based upon his viewpoint. He only alleges that Standridge acted in a "threatening and hostile manner." It is unclear how this amounts to a First Amendment claim or any other constitutional violation. Accordingly, the Complaint fails to "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." As all three causes of action appear to rest upon the alleged First Amendment violation, the entire Complaint must be dismissed.

Moreover, it is well settled that claims of constitutional wrongs cannot be brought directly under the constitutional provision at issue. Rather, when the alleged wrongdoer is a state or municipal government actor, such claims must be brought under 42 U.S.C. § 1983 ("Section 1983"). *Ward v. Caulk*, 650 F.2d 1144, 1148 (9th Cir. 1981). Among other things, when a municipal government entity is named as a Defendant in a Section 1983 case, the plaintiff must satisfy the requirements of *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978), which provides that a municipality cannot be liable under § 1983 simply because it employs someone who deprives another of constitutional rights. Rather, liability only attaches where the municipality itself causes the constitutional violation through a "policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy." *Id.* at 694. Therefore, municipal liability in a § 1983 case may be premised upon: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy"; or (4) where "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008). The Complaint contains no allegations that even arguably satisfy *Monell*. Therefore, any claims against the City must also be dismissed on this alternative ground.

The City requests that the motion to dismiss be granted without leave to amend, but offers no argument to support such an action. When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). At this stage of the litigation, the Court cannot make a finding of futility.

Accordingly, the City's motion to dismiss the Complaint in its entirety is GRANTED WITH LEAVE TO AMEND. Plaintiff shall have one opportunity to amend his complaint with factual

allegations sufficient to support viable legal theories.

## IV. CONCLUSION

For the reasons set forth above, the City's motion to dismiss the Complaint in its entirety is GRANTED WITH LEAVE TO AMEND. Plaintiff shall have one opportunity to amend his complaint with factual allegations sufficient to support viable legal theories. Plaintiff shall file any amended complaint on or before February 15, 2013.

In light of this conclusion, Plaintiff's pending motion to compel production of documents is DENIED AS MOOT.

**SO ORDERD**
**Dated:  January 16, 2013**

                                                        /s/ Lawrence J. O'Neill
                                          **United States District Judge**