# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DURAN, | 1: 12-cv-1239-LJO BAM |
|     Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
|     v. | |
| CITY OF PORTERVILLE, *et al.*, | |
|     Defendants. | |

## I.  INTRODUCTION

Currently before the Court is plaintiff John Duran's ("Plaintiff") motion to compel production of documents ("Plaintiff's Motion") (Doc. 20).  Specifically, Plaintiff seeks to compel the retainer agreement between Defendants and the law firm of Nelson and Rozier.[1]  For the reasons that follow, Plaintiff's Motion is DENIED.

## II.  DISCUSSION

Plaintiff's Motion is procedurally deficient for the following reasons: (1) Plaintiff's Motion is premature under the Federal Rules of Civil Procedure because the parties have not participated in a Rule 26(f) scheduling conference; (2) Plaintiff's Motion is premature while a motion to dismiss is pending; and (3) Plaintiff's Motion does not comply with this Court's Local Rules.

---

[1] Explained in greater detail below, the Court denies Plaintiff's Motion on procedural grounds. Accordingly, the Court does not address the substantive merits of Plaintiff's request.

**A.    Plaintiff's Motion is Premature Under the Federal Rules of Civil Procedure**

"Under FRCP 26(d)(1), discovery is not permitted without a court order prior to a conference between the parties as required by FRCP 26(f) . . . ." *AF Holdings LLC v. DOES 1-96,* 2011 WL 4502413 (N.D. Cal. 2011); *See also,* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.")

"By its express terms, Rule 26(d) bars discovery until after the parties have conferred about a discovery plan as directed by Rule 26(f)." *Riley v. Walgreen Co.*, 233 F.R.D. 496, 498 (S.D. Tex. 2005). "Rule 26(d)'s proscription sweeps broadly: not only may a party not 'serve' discovery, it may not even 'seek' discovery from any source until after the Rule 26(f) conference." *Id*. at 499.[2]

A Rule 26(f) scheduling conference has not been held, and discovery is not yet open. *See Xcentric Ventures, LLC v. Richeson,* 2010 WL 5276950 (D. Ariz. 2010) (holding that prior to a Rule 26(f) conference, a request for discovery was propounded "before the Federal Rules of Civil Procedure permitted [the plaintiff] to do so.")  Accordingly, Plaintiff's efforts to obtain discovery, formally or informally, are premature.  By extension, Plaintiff Motion to compel this information is also premature.

**B.    Plaintiff's Motion is Premature Due to Defendant's Pending Motion to Dismiss**

When a case is still in the pleadings stage and a motion to dismiss is pending, a motion to compel discovery is considered premature absent extraordinary circumstances.  *See, e.g., Morris v. Barra,* 2012 WL 4900203 (S.D. Cal. 2012) ("Given that this case is still in the pleading stage, the Court finds that merits-based discovery is inappropriate at this time, as its relevancy is outweighed by the burden and expense of production"); *Thomas v. Felker,* 2011 WL 2225133 (E.D. Cal. 2011) ("Plaintiff is apprised that any motion to compel will be found premature until

---

[2] It is unclear if Plaintiff propounded a proper request for production of documents under Fed. R. Civ. P. 34, or if Plaintiff informally requested this information.  Regardless, because Plaintiff's Motion is premature, this distinction is irrelevant to the Court's decision.

the court has issued its final ruling on the motion to dismiss"); *Duggan v. Astrue,* 2010 WL 2035285 (N.D. Cal. 2010) (finding that a motion to compel was "premature" when a motion to dismiss was pending and the case was still in the pleadings stage.)

Defendant's filed a motion to dismiss on December 21, 2012, which is set for a hearing on January 21, 2013. (Doc. 12.) Until this motion is resolved, the operative pleadings and issues have not properly been framed. Thus, discovery concerning the merits of Plaintiff's pleadings is premature.

**C.    Plaintiff's Motion Does Not Comply With the Court's Local Rules**

Local Rule 251 provides the procedural steps to be taken for motions dealing with discovery matters. The default rule is that a motion to compel discovery is to be filed twenty-one (21) calendar days before any noticed hearing on the motion. LR. 251(a). This default rule also requires the parties submit a joint statement concerning the discovery dispute seven (7) calendar days prior to the noticed hearing.[3] *Id.*

Plaintiff filed his Motion on January 10, 2013, and noticed the hearing for January 21, 2013. (Doc. 20.) Thus, Plaintiff failed to provide sufficient notice for his Motion.[4] Moreover, the parties did not submit a joint statement as required by L.R. 251(c), and Plaintiff did not demonstrate good cause for his failure to procure a joint statement as provided in L.R. 251(d). Accordingly, even if Plaintiff's Motion was otherwise ripe for determination, the Court would deny the Motion for Plaintiff's failure to comply with the Court's Local Rules.

/././

---

[3] This Rule also permits the parties to file the notice of motion, motion, and joint statement seven (7) days prior to the noticed hearing, while permitting the Court to move the hearing on said motion to the next regularly scheduled motion calendar date. L.R. 251(a).

[4] Local Rule 251(e) does provide an exception from the requirement that the discovery motion be noticed twenty-one days prior to the scheduled hearing. As applicable to the circumstances of Plaintiff's Motion, "when there has been a complete and total failure to respond to a discovery request or order . . . the aggrieved party may bring a motion for relief for hearing on fourteen (14) days notice." L.R. 251(e). It is unclear if this Rule would apply to Plaintiff's Motion, however, because Plaintiff provided only eleven (11) days notice for his Motion, Plaintiff's Motion would not comply with the Local Rules under either subdivision of Rule 251.

### III.  CONCLUSION

Based on the foregoing, Plaintiff's Motion to Compel Production of Documents is DENIED WITHOUT PREJUDICE.  Plaintiff is apprised that any motion to compel will be found premature until the court has issued its final ruling on the motion to dismiss, and the parties have participated in a Rule 26(f) scheduling conference.

IT IS SO ORDERED.

Dated: __January 15, 2013__                          __/s/ **Barbara A. McAuliffe**__
                                                                         UNITED STATES MAGISTRATE JUDGE