**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOHN DURAN,** | **1:12-cv-1239-LJO-BAM** |
| **Plaintiff,** | |
| | **MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 38)** |
| **v.** | |
| **CITY OF PORTERVILLE, et al.,** | |
| **Defendants.** | |

## I. INTRODUCTION

Plaintiff John Duran ("Plaintiff") brings this case under 42 U.S.C. § 1983 ("§ 1983") against Defendants City of Porterville, California ("the City"), Porterville Police Department Sergeant Richard Standridge ("Standridge"), Porterville Police Chief Chuck McMillian ("McMillian"), and Porterville City Manager John Lollis ("Lollis") (collectively, "Defendants") for allegedly violating his constitutional rights. Doc. 36, Second Amended Complaint ("SAC"), at ¶ 1. Plaintiff alleges Defendants violated his First Amendment rights, among others.

Currently before the Court is Defendants' motion for summary judgment. Doc. 38. The Court has reviewed the papers and has determined that the matter is suitable for decision without oral argument pursuant to Local Rule 230(g). For the reasons discussed below, the Court DENIES Defendants' motion for summary judgment.

## II. BACKGROUND

**A.** **Factual Background.**[1]

On May 31, 2012, Plaintiff planned to hold a "get out the vote" event ("the event" or "Plaintiff's event") on June 2, 2012 at a public park ("the park") in the City. The purpose of the event was to encourage the public to exercise their right to vote and to participate in the City's then-upcoming City Council elections. Plaintiff planned to place some of the City Council candidates' temporary election signs at the event ("the signs"). Plaintiff did not support any of the candidates whose signs he placed at the event and he did not own the signs.

Plaintiff contacted the City's Parks and Leisure department to obtain permission to hold the event and to place the signs at the event. The Parks and Leisure employee to whom Plaintiff spoke, Michelle,[2] approved Plaintiff's event, including the planned placement of the signs.

On June 2, 2012, Plaintiff set up his event and placed the signs against a park bench. Thereafter, Standridge, while on duty, approached Plaintiff and asked who was responsible for putting up the signs. Plaintiff stated that he had put up the signs.[3] Standridge then ordered Plaintiff to remove the signs because they violated a City ordinance. Standridge did not specify which City ordinance Plaintiff had allegedly violated.

Plaintiff then placed the signs on the lawn of the park approximately 20 feet from the bench. The signs were approximately one yard from the edge of a public sidewalk. Later that day, Standridge returned and ordered that Plaintiff remove the signs from the park entirely. Pursuant to Standridge's orders, Plaintiff and others in attendance removed the signs and, with Standridge's express approval, placed them on the windshields and bumpers of their vehicles parked approximately five to six feet

---

[1] The parties do not dispute the following facts unless otherwise indicated.

[2] The parties do not dispute that Michelle's last name is unknown.

[3] Plaintiff admits that he did not own the signs, but claims that he "was entrusted with possession of the signs, for the purpose of placing them at Plaintiff's event for display." Doc. 40-1 at 9 (citing Doc. 40-2, Declaration of John Duran ("Duran Decl.") at ¶ 1). Defendants dispute that Plaintiff put the signs up himself. Defendants assert that the candidates who owned the signs put up their own signs. Doc. 38-1 at 4, Fact Number 22 (citing Doc. 38-4 (Deposition of John Duran) at 6 ("I wasn't supporting the candidates. They put their signs up because I said if you want to put your signs up.")). As discussed below, Plaintiff challenges the constitutionality and applicability of the City ordinance that allegedly provided Standridge the authority to order Plaintiff to remove the signs. Thus, whether Plaintiff personally placed the signs is not dispositive.

1   away on a public street. The Court will refer to this series of events that transpired on June 2, 2012

2   between Plaintiff and Standridge as "the incident."

3   **B.    Procedural Background.**

4          Plaintiff filed this suit against Defendants on July 30, 2012. Doc. 1. The Court granted

5   Defendants' motion to dismiss the complaint in its entirety on January 16, 2013. Doc. 21. Plaintiff filed

6   a first amended complaint on February 15, 2013 (Doc. 25), and the SAC—the operative complaint

7   here—on August 1, 2013. Doc. 36. Plaintiff alleges five causes of action against Defendants for: (1)

8   violation of the First Amendment[4]; (2) violation of the California State Constitution, Article 1 § 2 ("§

9   2"); (3) violation of California Civil Code § 52.1 ("§ 52.1"); (4) "respondeat superior, California

10  Government Code § 815.2" ("§ 815.2"); and (5) declaratory relief.

11         Aside from Defendants' answer to the SAC, filed on August 14, 2013, nothing transpired in this

12  case until Defendants filed their motion for summary judgment on August 1, 2014. Doc. 38. Defendants

13  move for summary judgment on all of Plaintiff's claims. Defendants assert that because all of Plaintiff's

14  "causes of action are predicated on the first cause of action, it logically follows that if [the] first cause of

15  action fails, the others must follow." Doc. 38-2 at 2. Defendants' motion for summary judgment

16  therefore addresses only Plaintiff's first cause of action; it does not address Plaintiff's remaining causes

17  of action.

18         Plaintiff's First Amendment claim is composed of three primary assertions.[5] First, Plaintiff

19  ───────────────────────

20  [4] The Court construes Plaintiff's first cause of action for violation of his First Amendment rights to be brought under § 1983. *See* SAC at ¶ 1.

21  [5] Plaintiff makes a number of arguments in his opposition that are wholly absent in the SAC. Specifically, Plaintiff argues in
22  his opposition that a number of Porterville Municipal Codes unmentioned in the SAC are unconstitutional. *See generally* Doc. 40 at 6-10. The Court cannot find that the SAC gave Defendants fair notice that Plaintiff apparently challenges the constitutionality of those Porterville Municipal Codes. *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir.
23  2008) ("where . . . the complaint does not include the necessary factual allegations . . . raising such a claim in a summary judgment motion is insufficient to present the claim to the district court"); *Wasco Prods., Inc., v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings.")
24  (citation and internal quotation marks omitted). The Court therefore will not address Plaintiff's arguments made in his opposition that are completely unsupported by the allegations contained in the SAC. *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) ("The district court did not err by holding that Pickern failed to provide the Appellees
25  with adequate notice of these new allegations. Federal Rule of Civil Procedure 8(a)(2) requires that the allegations in the complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v.
26  Sorema N.A.*, 534 U.S. 506, 512 (2002)).

3

1  challenges the constitutionality of Porterville Municipal Code § 305.10(b)[6] ("§ 305.10(b)"), which he

2  argues is the legal authority on which Standridge relied during the incident. Second, Plaintiff asserts that

3  "no Porterville Municipal Code provision prohibited Plaintiff's communicative activities" and therefore

4  "Defendants' actions constituted un-cabined, unrestrained ad hoc assertion and abuse of Defendants'

5  governmental authority, which assertion and abuse violated Plaintiff's First Amendment free speech

6  rights." *Id.* at ¶ 21. Third, Plaintiff asserts the signs were for "political adversaries and rivals of

7  Defendant [Lollis], and that Defendant Standridge, acting at the behest of Defendant Lollis, acted to

8  deny Plaintiff's right to advocate for said political adversaries and rivals," and therefore "Defendants

9  Lollis and Standridge acted in concert with the specific intent to infringe upon and deny Plaintiff's right

10 to free speech." *Id.* at ¶ 22.

11      Defendants argue they are entitled to summary judgment on Plaintiff's first cause of action for

12 four reasons. First, Defendants assert that Plaintiff lacks standing to bring this suit because he suffered

13 no cognizable constitutional injury. Second, Defendants argue that, in any event, his lawsuit is moot

14 because it is predicated on § 305.10(b), an ordinance that was repealed prior to June 2, 2012, when the

15 incident took place, and replaced with Porterville Municipal Code § 305.11 ("§ 305.11"). Third,

16 Defendants argue that, contrary to Plaintiff's assertions, § 305.11 is constitutional and validly provided

17 Standridge with the legal authority to order Plaintiff to remove the signs from the park.[7] Fourth,

18 Defendants argue that Standridge was further justified in his actions during the incident because Plaintiff

19 was required to obtain the Porterville City Council's permission prior to placing the signs in the park

20 under § 305.11, but he failed to do so.

21      In his opposition, Plaintiff argues that his suit is not moot; he has standing; his First Amendment

22 claim is valid; and that various Porterville Municipal Codes, including § 305.11, violate the First

23 Amendment. Plaintiff makes no argument concerning his remaining four causes of action.

24

25 [6] All further statutory references are to the Porterville Municipal Code unless otherwise indicated.

26 [7] The primary basis for Plaintiff's first cause of action is that § 305.11 violates the First Amendment; however, for the reasons discussed below, the Court need not assess that claim.

Defendants failed to file a timely reply. On September 17, 2014, counsel for Defendants requested an extension of time to do so, but did not request any specific amount of time. *See* Doc. 41 at 3. The Court granted Defendants until 10:00A.M. on September 19, 2014, to file a reply.[8] Doc. 42.

### III. <u>STANDARD OF DECISION</u>

Summary judgment is appropriate when the pleadings, disclosure materials, discovery, and any affidavits provided establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that may affect the outcome of the case under the applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable trier of fact could return a verdict in favor of the nonmoving party." *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). The exact nature of this responsibility, however, varies depending on whether the issue on which summary judgment is sought is one in which the movant or the nonmoving party carries the ultimate burden of proof. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Cecala v. Newman*, 532 F. Supp. 2d 1118, 1132 (D. Ariz. 2007). If the movant will have the burden of proof at trial, it must demonstrate, with affirmative evidence, that "no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.* (citing *Celotex*, 477 U.S. at 323).

---

[8] Defendants failed to do so timely. Regardless, the Court finds a reply belief is unnecessary to rule on Defendants' motion for summary judgment and, in any event, any new facts or arguments raised in the reply brief would be "improper for the Court to consider." *Dytch v. Yoon*, No. C 10-2915 MEJ, 2011 WL 839421, at *3 (N.D. Cal. Mar. 7, 2011) (collecting cases).

If the movant satisfies its initial burden, the nonmoving party must go beyond the allegations in its pleadings to "show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in [its] favor." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (emphasis in original). "[B]ald assertions or a mere scintilla of evidence" will not suffice in this regard. *Id.* at 929; *see also Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (citation omitted). "Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun*, 509 F.3d at 984. That remains the province of the jury or fact finder. *See Anderson*, 477 U.S. at 255. Instead, "[t]he evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id.* Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

## IV. ANALYSIS

Defendants argue they are entitled to summary judgment on all of Plaintiff's claims because (1) Plaintiff has no standing to bring his First Amendment claim; (2) his First Amendment claim is moot; (3) Plaintiff's First Amendment claim because it fails as a matter of law; and that (4) because Defendants are entitled to summary judgment on Plaintiff's first cause of action, they are entitled to summary judgment on his remaining claims. The Court addresses Defendants' arguments in turn.

### A.   Standing.

#### 1.   Legal Background

Defendants assert that Plaintiff does not have standing to bring his claims. Doc. 38-2 at 6-7.

Standing is a judicially created doctrine that is an essential part of the case-or-controversy requirement of Article III. *Pritikin v. Dep't of Energy*, 254 F.3d 791, 796 (9th Cir. 2001) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc. v. Heckler*, 464 U.S. 67, 70 (1983). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

To have standing, a plaintiff must show three elements.

> First, the plaintiff must have suffered an "injury in fact" - an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan*, 504 U.S. at 560-61 (internal citations and quotations omitted). The Supreme Court has described a plaintiff's burden of proving standing at various stages of a case as follows:

> Since [the standing elements] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation. At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim. In response to a summary judgment motion, however, the plaintiff can no longer rest on such "mere allegations," but must "set forth" by affidavit or other evidence "specific facts," Fed. Rule Civ. Proc. 56(e), which for purposes of the summary judgment motion will be taken to be true. And at the final stage, those facts (if controverted) must be supported adequately by the evidence adduced at trial.

*Id*. at 561; *see also Churchill Cnty. v. Babbitt*, 150 F.3d 1072, 1077 (9th Cir. 1998).

Standing is evaluated on a claim-by-claim basis. "A plaintiff must demonstrate standing 'for each claim he seeks to press' and for 'each form of relief sought.'" *Oregon v. Legal Servs. Corp*., 552 F.3d 965, 969 (9th Cir. 2009) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). "[S]tanding is not dispensed in gross." *Lewis v. Casey*, 518 U.S. 343, 358, n. 6 (1996).

> The actual-injury requirement would hardly serve the purpose ... of preventing courts from undertaking tasks assigned to the political branches [,] if once a plaintiff demonstrated harm from one particular inadequacy in government administration, the court were authorized to remedy all inadequacies in that administration.

*Id*. at 357. Standing is determined by the facts in existence at the time the complaint is filed. *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001).

In the context of First Amendment cases, the Ninth Circuit has explained that

> special standing principles apply . . . . Facial constitutional challenges come in two varieties: First, a plaintiff seeking to vindicate his own constitutional rights may argue that an ordinance "is unconstitutionally vague or . . . impermissibly restricts a protected activity." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir.1998) . . . . Second, "an individual whose own speech or expressive conduct may validly be prohibited or sanctioned is permitted to challenge a statute on its face because it also threatens others not before the court." The former sort of challenge . . . may be paired with the more common as-applied challenge, where a plaintiff argues that the law is unconstitutional as applied to his own speech or expressive conduct.

*Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1033-34 (9th Cir. 2006) (citations omitted); *see also Foti*, 146 F.3d at 635. Further, "First Amendment cases raise 'unique standing considerations,' that 'tilt[ ] *dramatically* toward a finding of standing.'" *Lopez v. Candaele*, 630 F.3d 775, 781 (9th Cir. 2010) (emphasis added) (citing *Ariz. Right to Life Political Action Comm. v. Bayless*, 320 F.3d 1002, 1006 (9th Cir. 2003) and *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1155 (9th Cir.2000)).

## 2. __Whether Plaintiff Has Standing.__

Although not entirely clear, the thrust of Defendants' standing argument is that Plaintiff has no standing to bring his First Amendment claim because he did not suffer any injury. *See* Doc. 38-2 at 6.

Plaintiff argues that § 305.11[9] directly and unconstitutionally restricts his First Amendment rights based upon the political content of the signs. SAC ¶ 20; *see also* Doc. 40 at 4. The Court construes

---

[9] Defendants' initial argument is that Plaintiff's entire suit is moot because it rests upon an ordinance that was repealed (§ 305.10(b)). For the reasons discussed below, the Court construes Plaintiff's references to § 305.10(b) in the SAC to refer to § 305.11. The Court, however, must determine standing at the outset to determine that this Court has subject matter jurisdiction over Plaintiff's case prior to assessing whether it is moot. *See Friends of the Earth, Inc. v. Laidlaw Envirtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000).

1    this assertion to constitute an as-applied challenge to § 305.11.[10] Plaintiff alternatively asserts that no

2    Porterville Municipal Code prohibited his speech and, therefore, Standridge had no authority to order

3    Plaintiff to remove the signs from the park. Thus, Plaintiff claims that Standridge's forced removal of

4    the signs was an unjustified and unlawful abridgement of his First Amendment rights. In support,

5    Plaintiff submitted a declaration recanting his version of the facts of the incident. *See* Doc. 40-2.

6         Defendants do not argue that Plaintiff's holding the event and placing the signs there does not

7    constitute communicative speech protected by the First Amendment. But Defendants argue that because

8    the signs were not his, he was not campaigning for any of the candidates, he was only encouraging

9    people to register to vote, and ultimately he was required only to remove the signs from the park and

10   place them on vehicles parked nearby, Plaintiff's First Amendment rights were not violated. Defendants

11   claim that "[i]t is simply irrational to conclude that [Plaintiff's] purpose [in holding the event] was

12   somehow inhibited or abridged by moving signs 5 to 6 feet." Doc. 38-2 at 7. The Court assumes the

13   facts contained in Plaintiff's declaration to be true. *See Lujan*, 504 U.S. at 561.

14        Defendants provide no authority for their position that Plaintiff has no standing under the

15   circumstances at issue here. That Plaintiff's alleged constitutional injury may seem comparatively

16   minor, as Defendants suggest, does not mean that Plaintiff has suffered no deprivation of his

17   constitutional rights. Notably, Defendants provide no authority for the proposition, and the Court is

18   unaware of any.

19        Rather, the Ninth Circuit has made clear that "[a] plaintiff may prove a violation of § 1983

20   without demonstrating that the deprivation of his or her constitutional rights caused any actual harm."

21   *Estate of Macias v. Ihde*, 219 F.3d 1018, 1028 (9th Cir. 2000) (internal citations and quotations omitted).

22   "The Supreme Court has held that even when no actual damages are suffered as a result of a violation of

23   section 1983, a plaintiff still may be entitled to nominal damages." *Draper v. Coombs*, 792 F.2d 915,

---

[10] In his opposition, Plaintiff asserts that he brings both a facial and as-applied challenge to § 305.11, among other Porterville
Municipal Codes. *See* Doc. 40 at 4. The Court finds that the SAC did not give Defendants fair notice of any such claims.
Accordingly, the Court will not address whether Plaintiff has standing to bring a facial challenge to any Porterville Municipal
Code. *See Members of City Council of City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 797-801 (1984)
(discussing standing principles for facial challenges).

921 (9th Cir. 1986) (citing with approval *Kincaid v. Rusk*, 670 2.d 737, 746 (7th Cir. 1982) (awarding nominal damages for violation of First Amendment rights)). In fact, in the Ninth Circuit, "nominal damages *must* be awarded if a plaintiff proves a violation of his constitutional rights." *George v. City of Long Beach*, 973 F.2d 706, 708 (9th Cir. 1992) (emphasis added) (citations omitted). "An award of nominal damages is intended to serve as a symbol that defendant's conduct resulted in a technical, as opposed to injurious, violation of plaintiff's rights." *Cummings v. Connell*, 402 F.3d 936, 945 (9th Cir. 2005). Thus, even minor constitutional injuries that justify only nominal damages may be sufficient to establish an injury-in-fact. *See, e.g.*, *Jones v. McDaniel*, 717 F.3d 1062, 1066 n.4 (jury awarded the plaintiff $2 in nominal damages after the district court found that the defendants had violated the plaintiff's constitutional rights); *Soffer v. City of Costa Mesa*, 798 F.2d 361, 363 (9th Cir. 1986) (upholding a nominal damage award in § 1983 action although the plaintiff did not prove any actual damages at trial).

Plaintiff argues that § 305.11 did not provide Standridge with the authority to order Plaintiff to remove the signs, as Defendants maintain, and, even if it did, that ordinance is unconstitutional. Thus, Plaintiff asserts that Standridge's actions were without any valid legal support and violated his undisputed First Amendment right to encourage voter participation through holding the event. These undisputed facts sufficiently demonstrate that Plaintiff suffered a constitutional injury-in-fact.

The Court finds that Plaintiff's declaration (Doc. 40-2) provides sufficient facts—almost all of which Defendants do not dispute[11]—that show that Plaintiff suffered a cognizable legal injury, however minor, traceable to Standridge's conduct, which likely can be redressed by a favorable decision from this Court. Plaintiff therefore has standing to bring claim under § 1983 on the ground that Standridge violated his First Amendment rights. *See id.*; *Lujan*, 504 U.S. 560-61. The Court further finds that Plaintiff's declaration provides sufficient uncontested facts to demonstrate that he has standing to bring his First Amendment claim through his as-applied challenge to § 305.11 on the ground that Standridge's

---

[11] The only fact Defendants dispute is whether Plaintiff placed the signs himself. But as the Court noted, whether Plaintiff placed the signs himself is not dispositive. *See supra* n. 3.

1   alleged enforcement of that ordinance impermissibly restricted Plaintiff's First Amendment rights.[12] *See*

2   *Lopez*, 630 F.3d at 781 (holding that standing considerations in First Amendment cases "'tilt[ ]

3   *dramatically* toward a finding of standing'") (emphasis added) (citations omitted).

4   **B.**   **Mootness.**

5          Plaintiff's first cause of action alleges, among other things, "that Section 305.10(b) . . . the

6   ordinance to which Defendant Standridge may have referred in his orders to Plaintiff, directly restricts

7   the exercise of Plaintiff's right to free speech under the First Amendment." SAC ¶ 21. Defendants assert

8   that Plaintiff's entire "lawsuit is moot as it seeks to impose liability for a code section that was repealed

9   prior to June 2, 2012." Doc. 38-2 at 2 (emphasis omitted).

10          An issue is moot "when the issues presented are no longer 'live' or the parties lack a legally

11   cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). "If the parties

12   cannot obtain any effective relief, any opinion about the legality of a challenged action is advisory." *Id.*

13          Plaintiff does not (and cannot) dispute that § 305.10(b) was repealed and replaced by another

14   statute in June 2011, approximately one year before the event took place. *See* Doc. 40-1 at 2; Doc. 38-3

15   at 8-9. The parties agree that current Porterville Municipal Code § 305.11 ("§ 305.11") replaced

16   § 305.10 and is therefore the statute applicable to the incident. *See, e.g.*, Doc. 38-2 at 3; Doc. 40-1 at 3;

17   Doc. 40 at 4-5. Specifically, § 305.11(c)(2)(d) applies. The Court will construe the SAC's reference to §

18   305.10(b) as a reference to § 305.11. Defendants will not be harmed by this construction, as Defendants

19   argue that the former is applicable here, which indicates that they had fair notice of the basis for

20   Plaintiff's claim.

21          Contrary to Defendants' assertion, Plaintiff's erroneous reference to § 305.10(b) in the SAC does

22   not render his entire complaint moot. Plaintiff's case may be moot if, for instance, he only challenged

23   the facial constitutionality of § 305.10(b). *See, e.g.*, *Diffenderfer v. Central Baptist Church*, 404 U.S.

---

[12] Plaintiff's primary argument is that § 305.11 is unconstitutional. The SAC does not explicitly specify or otherwise indicate whether Plaintiff intends to bring a facial and/or as-applied challenge to the constitutionality of § 305.11.Because the Court finds that § 305.11 is inapplicable to Plaintiff's conduct, as discussed below, and that Plaintiff has standing to bring a First Amendment claim under § 1983 based on Standridge's alleged conduct, the Court need not resolve whether Plaintiff has standing to bring a facial or as-applied constitutional challenge to § 305.11.

412, 414, 92 S.Ct. 574, 30 L.Ed.2d 567 (1972) (challenged law was repealed while case was on appeal, rendering the case moot). But Plaintiff alleges that Standridge lacked any legal authority to order Plaintiff to remove the signs in spite of the contested Porterville Municipal Codes. Moreover, it is still possible that Plaintiff may obtain relief against Defendants for Standridge's conduct and/or the unconstitutionality of § 305.11. Plaintiff's case is not moot.

**C.   Whether Defendants Are Entitled to Summary Judgment on Plaintiff's First Amendment Claim.**

    **1.   Section 305.11(c)(2)(d).**

Plaintiff argues that no Porterville Municipal Code empowered Standridge to order Plaintiff to remove the signs from the park.[13] *See* SAC at ¶ 21. Defendants argue that § 305.11(c)(2)(d) provided Standridge with legal authority to do so.[14]

Section 305.11 regulates "temporary signs." Section 305.11(c)(2)(d) provides that "non-commercial message signs"[15] are prohibited "[w]ithin the public right-of-way abutting any public property including parklands or within City maintained landscaped parkways within public right of way."

Although Defendants do not explicitly state their interpretation of § 305.11(c)(2)(d), *see* Doc. 38-2 at 4-5, Defendants' position that Standridge's conduct was permissible under § 305.11(c)(2)(d) necessarily would require the Court to interpret that provision to prohibit the posting of non-commercial signs in public parklands.

In construing a statute, the Court must interpret the statute as a whole and not interpret a provision in a manner that renders another provision of the statute "inconsistent, meaningless, or

---

[13] In his opposition, Plaintiff argues that § 305.11 is unconstitutionally vague. Because this argument cannot be reasonably construed from the allegations in the SAC, the Court need not consider it. *See supra* note 5. However, the Court finds that § 305.11 is not unconstitutionally vague because it is "sufficiently clear so as to allow 'persons of ordinary intelligence a reasonable opportunity to know what is prohibited.'" *Foti,* 146 F.3d at 638 (quoting *Grayned v. City of Rockford,* 408 U.S. 104, 108 (1972)).

[14] Plaintiff argues that § 305.11(c)(2)(d) unconstitutionally restricts First Amendment rights. The Court need not address this argument because the Court resolves Defendants' motion for summary judgment on other grounds.

[15] The parties do not dispute whether the subject signs are "non-commercial message signs."

superfluous." *Boise Cascade Corp. v. United States Envtl. Prot. Agency*, 942 F.2d 1427, 1432 (9th Cir. 1991). Defendants' interpretation of § 305.11(c)(2)(d) as providing for a wholesale prohibition on posting the signs anywhere on public property—in this case, anywhere within a public park—would render meaningless the language of the provision limiting its prohibitions to public rights-of-way *abutting* public property. Further, Defendants do not provide any authority that suggests that "public right-of-way" as used in § 305.11(c)(2)(d) should be construed to constitute a public park, and the Court is unaware of any. Public rights-of-way are generally understood to be public areas used by the public for transportation. *See, e.g.*, Cal. Pub. Util. Code § 5830(o) ("'Public rights-of-way' means the area along and upon any public road or highway, or along or across any of the waters or lands within the state."); Cal. Street & Highways Code § 8308 ("'Street' and 'highway' include all or part of, or any right in, a state highway or other public highway, road, street, avenue, alley, lane, driveway, place, court, trail, or *other public right-of-way* or easement, or purported public street or highway") (emphasis added); Cal. Gov't Code § 39933 ("Public streets, highways, and *other public rights of way* shall remain open to the free and unobstructed use of the public from such waters and water front to the public streets and highways.") (emphasis added). Finally, interpreting § 305.11(c)(2)(d)'s reference to "public rights-of-way" to include parklands would render superfluous its explicit reference to "public parklands."

The Court finds that § 305.11(c)(2)(d) does not prohibit the placing of temporary signs within City parks, as Defendants suggest. The Court reads § 305.11(c)(2)(d) to prohibit non-commercial message signs within public rights-of-way that abut public property. And under § 305.11(c)(2)(d), public property includes, but is not limited to public parklands. Thus, in the context of public parklands, § 305.11(c)(2)(d) prohibits posting of temporary signs on public rights-of-way that abut public parklands.

The Court finds that § 305.11 does not apply to City parks as a whole and therefore did not provide Standridge with the authority to order Plaintiff to remove the signs from the park, as Defendants assert. Accordingly, Defendants are not entitled to summary judgment on Plaintiff's first cause of action on the ground that Standridge's conduct during the incident was permissible as an enforcement of

§ 305.11.

### 2. __Whether Plaintiff Was Required to Obtain or Had the City's Permission to Place the Signs in the Park.__

Defendants argue that, in any event, Plaintiff did not have permission to place the signs in the park. Defendants claim that under § 305.11 only the Porterville City Council, as legal owners of the park, could have given Plaintiff permission to place the signs in the park, and that Michelle was unauthorized to do so. Doc. 38-2 at 5-6.

Defendants do not indicate which provision of § 305.11 stands for the proposition that only the Porterville City Council had authority to allow Plaintiff to place the signs in the park. Section 305.11(c)(1) appears to be the provision on which Defendants rely. That provision, however, does not support Defendants' position. Section 305.11(c)(1) reads as follows:

> *Permission required.* Such temporary signs may be erected or placed on private property or in the public right of way provided that the permission of the legal owner, or in the case of a public right of way the owner or tenant of that property immediately adjacent to the public right of way where the sign is placed, is first obtained. Said signs shall not require a permit.

As discussed above, the Court does not find the park to be a "public right of way." Section 305.11(c)(1) makes no reference to public land aside from public rights-of-way. The provision therefore is inapplicable here. Defendants have not pointed to any other provision in § 305.11 that would support their position that Plaintiff was required to obtain the Porterville City Council's permission prior to placing the signs in the park. Accordingly, Defendants are not entitled to summary judgment on the ground that Plaintiff did not have permission to place the signs in the park.

## V. __CONCLUSION AND ORDER__

Defendants have failed to demonstrate that no genuine issue of material fact exists as to whether Standridge's conduct during the incident was permissible. As it stands, Defendants have failed to establish that any Porterville Municipal Code (or any other legal authority) permitted Standridge to order Plaintiff to remove the signs from the park, and Defendants do not argue that Standridge otherwise had the inherent authority to do so. Likewise, Defendants' argument that Plaintiff was required to obtain the

14

City's permission prior to placing the signs but failed to do so is without support. [16] In the absence of any legal authority supporting Standridge's conduct during the incident, the Court finds that Defendants are not entitled to summary judgment on Plaintiff's first cause of action.

Defendants only address Plaintiff's first cause of action in their motion for summary judgment on the ground that Plaintiff's remaining "causes of action are predicated on the first cause of action," and, thus, "if [the] first cause of action fails, the others must follow." Doc. 38-2 at 2. Accordingly, because the Court finds that Defendants are not entitled to summary judgment on Plaintiff's first cause of action, the Court DENIES Defendants' motion for summary judgment (Doc. 38).

IT IS SO ORDERED.

Dated:   **September 19, 2014**           **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE

---

[16] The Court makes no finding regarding the constitutionality of § 305.11 or any other Porterville Municipal Code.

15