1

2

3

4

5

6 UNITED STATES DISTRICT COURT

7 FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9

10 JOHN DURAN,                                Case No. 1: 12-cv-1239-AWI-BAM

11          Plaintiff,                       **ORDER GRANTING PLAINTIFF'S**
                                             **MOTION TO WITHDRAW AND**
12     v.                                    **SUBSTITUE IN PRO PER**

13 CITY OF PORTERVILLE, *et al.*,

14          Defendants.                      (Doc. 48)

15

16

17 _____/

18                          **INTRODUCTION**

19          Presently before the Court is a Motion by Plaintiff John Duran to "dismiss his attorney of

20 record," James C. Holland, and proceed in this action in propria persona, which the Court construes as

21 a motion for Plaintiff to substitute as his own attorney. (Doc. 48). Plaintiff's Counsel James Holland

22 filed a response supporting Plaintiff's request to appear in propria persona in this matter. Defendants

23 did not file a response to the motion. The matter was heard on January 15, 2015, before United States

24 Magistrate Judge Barbara A. McAuliffe. Counsel James Holland appeared in person on behalf of

25 Plaintiff. Counsel Ryan Nelson appeared in person on behalf of Defendants. Plaintiff John Duran also

26

27

28

1

appeared in person.[1]  Having considered the moving papers, arguments presented at the hearing, as well as the Court's file, Plaintiff's request to substitute himself in propria persona is GRANTED.

## BACKGROUND

Plaintiff's complaint alleges that on May 31, 2012, Plaintiff planned to hold a "get out the vote" event on June 2, 2012 at a public park in the City of Porterville. Plaintiff contacted the City's Parks and Leisure department to obtain permission to hold the event and to place the signs at the event. The Parks and Leisure employee, to whom Plaintiff spoke, approved Plaintiff's event, including the planned placement of the signs.

On June 2, 2012, Plaintiff set up his event and placed the signs against a park bench. Thereafter, Defendant Officer Standridge, while on duty, approached Plaintiff and ordered Plaintiff to remove the signs because they violated a City ordinance. Officer Standridge did not specify which City ordinance Plaintiff had allegedly violated. Plaintiff then placed the signs on the lawn of the park approximately 20 feet from the bench. Later that day, Officer Standridge returned and ordered Plaintiff to remove the signs from the park entirely. Pursuant to Officer Standridge's orders, Plaintiff and others in attendance removed the signs and, with Officer Standridge's express approval, placed them on the windshields and bumpers of their vehicles parked approximately five to six feet.

On July 30, 2012, based on the events above, Plaintiff John Duran, proceeding pro se, filed the underlying Complaint against Defendants the City of Porterville, California; the City's Manager, John Lollis; the Porterville Police Department ("PPD"); its Chief of Police, Chuck McMillan; and PPD Officer Richard Standridge. (Doc. 1).  Plaintiff's suit challenges the constitutionality and applicability of the City ordinance that allegedly provided Standridge the authority to order Plaintiff to remove the signs.

On February 15, 2013, Plaintiff substituted attorney James C. Holland as counsel for Plaintiff in place and instead of John Duran, in pro se. On August 1, 2014, Defendants moved for summary

---

[1]     A break was taken during the hearing for Mr. Duran and Counsel Ryan Nelson to determine if they could resolve the entire case.  Following the meeting, Counsel Ryan Nelson and Mr. Duran reported that the matter is not currently in settlement posture.

judgment on Plaintiff's claims, which the Court denied on September 19, 2014. (Doc. 43). Shortly thereafter, Plaintiff, represented by counsel, filed a notice of settlement. (Doc. 46). In light of the Notice of Settlement filed on November 6, 2014, the Court ordered the parties to file appropriate papers to dismiss no later than December 1, 2014 and vacated all pending dates, including trial. The parties were unable to agree to final terms of dismissal and on December 1, 2014, Plaintiff filed the instant motion to substitute in pro per.

Plaintiff now seeks an order from this court "dismissing" Mr. Holland as his attorney of record for engaging in improper settlement negotiations. (Doc. 48). Mr. Holland disputes Plaintiff's allegations, but also seeks to terminate representation in this case, allowing Plaintiff to substitute as his own attorney. (Doc. 50).

## DISCUSSION

In the Eastern District of California, attorneys representing parties to a civil case are subject to this Court's Local Rule 182(d) which provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of Court upon noticed motion and notice to the client and all other persons who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

LR 182(d); *see also, Canandaigua Wine Co., Inc. v. Edwin Moldauer*, 2009 WL 89141, *1 (E.D. Cal. 2009) (Whether to grant leave to withdraw is subject to the sound discretion of the Court and "may be granted subject to such appropriate conditions as the Court deems fit.")

This motion, however, presents a different scenario. Here, it is the client—rather than his attorney—who seeks an order removing counsel from the representation. This specific type of motion is uncommon in a civil case, absent very particular circumstances inapplicable here, since a client may discharge an attorney at any time for any reason, and may do so without a court order when both the client and the attorney agree. *See* Cal. Code Civ. Proc. § 284 ("The attorney in an action or special

proceeding may be changed at any time before or after judgment of final determination....Upon the consent of both client and attorney, filed with the clerk, or entered upon the minutes."); *Forslund v. Forslund*, 225 Cal. App. 2d 476, 488, 37 Cal. Rptr. 489 (1964) ("A client can discharge  his attorney of record at any time and substitute another in his place."), *superseded by statute on other grounds*, Cal. Civ. Code § 4600.

Here, Plaintiff's Counsel agrees with Plaintiff's desire to terminate his representation in this case as demonstrated by the instant motion and Mr. Holland's "request that the representation be terminated." (Doc. 50). "Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." The Rules of Professional Conduct provide that an attorney may withdraw from representation if "[t]he client knowingly and freely assents to termination of employment." California Rules of Professional Conduct, Rule 3-700(C)(5).

The decision to grant counsel's motion to withdraw is within the discretion of the trial court. *Canandaiqua Wine Co., Inc. v. Moldauer*, No. 1:12-cv-06599, 2009 WL 89141 *1 (E.D. Cal. Jan. 13, 2009).  In this instance, counsel agrees to withdraw in part because he has been "discharged" by his client.  (Decl. of James Holland ¶ 5).   Given Plaintiff's motion to proceed in propria persona and desire to discharge his attorney, the Court finds that Plaintiff may substitute himself, in propria persona.  The Clerk of the Court shall amend the docket to reflect that Plaintiff John Duran now represents himself in this matter.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff's Motion is construed as a motion to substitute Plaintiff in propria person and the Motion is GRANTED.

2.      Plaintiff John Duran is SUBSTITUTED in propria persona.

3.      The Clerk of the Court is directed to update the docket with the contact information of John Duran:

1    John Duran

2    1279 West Henderson Avenue

3    Personal Mail Box #236

4    Porterville, California 93257

5

6   IT IS SO ORDERED.

7    Dated:   **January 21, 2015**            /s/ *Barbara A. McAuliffe*

8                                         UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28